**JS6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | SA CV 07-837 AHS |
| ) | SA CR 03-029 AHS |
| Plaintiff/Respondent,) | |
| ) | |
| v. ) | ORDER DENYING PETITIONER'S |
| ) | MOTION TO VACATE, SET ASIDE |
| MY-HUONG THI HOANG, ) | OR CORRECT SENTENCE UNDER 28 |
| ) | U.S.C. § 2255 |
| Defendant/Petitioner.) | |
| _____) | |

**I.**

**PROCEDURAL BACKGROUND**

On March 26, 2004, My-Huong Thi Hoang ("petitioner") was found guilty of nine counts of mail fraud in violation of 18 U.S.C. §§ 1341, 2(a), (b), and four counts of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i). Petitioner was sentenced on October 31, 2005, to 63 months imprisonment. On November 8, 2005, petitioner filed a Notice of Appeal.

On March 1, 2007, petitioner filed a Motion to Vacate Set Aside, or Correct Sentence under 28 U.S.C. § 2255. On June 12, 2007, the Court denied the motion without prejudice in light of petitioner's pending appeal. By order dated May 16, 2007, the

1  Court of Appeals affirmed petitioner's conviction.  The judgment
2  was entered on the docket on June 18, 2007.
3         On July 20, 2007, petitioner filed the instant Motion to
4  Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.  The
5  Court set a briefing schedule on August 3, 2007.  On October 29,
6  2007, the government filed opposition.  Petitioner filed a response
7  on November 13, 2007.  On November 29, 2007, petitioner filed a
8  supplemental response.

                                  **II.**

                              **DISCUSSION**

**A.     The Parties' Contentions**

       Petitioner contends her counsel provided ineffective representation for failing to raise a due process objection based on United States v. Marshank, 777 F. Supp. 1507 (N.D. Cal. 1991), to the government's introduction during trial of allegedly "manipulated" evidence – namely, government's Exhibits 1 through 9. (See Motion, at 2.).  According to petitioner, FBI Special Agent Vicky Vieley "admitted [at trial] that she did not use the original hard copies which were sent along with diskettes" of claims data received from pharmacy benefit managers, but instead "tampered with, and manipulated the evidence from diskettes."  (Id.). Petitioner, invoking the "fruit of the poisonous tree" doctrine, asserts she suffered prejudice from counsel's failure to object because the allegedly manipulated evidence was subsequently used throughout trial and served as the basis of her conviction.  She additionally asserts appellate counsel was ineffective in not raising on appeal trial counsel's failure to lodge the due process objection.

                                    2

The government's Opposition points to Special Agent Vieley's trial testimony, in which she explained that modifications to the pharmacy benefits managers' data were "limited to omitting certain records in the data that were not relevant, adding labels or titles, replacing identifying numbers with names in order to make the reports . . . clearer and easier to read and understand, and adding a sum total of individual records." (See Govt. Opp., at 4.).

**B.      Analysis and Ruling**

To succeed on a claim of ineffective assistance of counsel, petitioner must demonstrate her counsel's representation fell below an objective standard of reasonableness and that the ineffective representation was prejudicial. Hill v. Lockhart, 474 U.S. 52, 57, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). To establish prejudice, petitioner must show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id.

The modifications to the evidence in question were nonsubstantive. With no alteration of the underlying data, petitioner's counsel had no basis on which to object. This failure to object, accordingly, caused no prejudice to petitioner.

Having reviewed the parties' papers and the exhibits in question, the Court finds that, for the reasons stated by the government, petitioner has not established her trial counsel provided her with ineffective representation resulting in prejudice. "Strategic choices," including the decision to lodge or withhold objections, are entitled to "a heavy measure of deference to counsel's judgments." Strickland v. Washington, 466 U.S. 668,

1  690-691, 104 S. Ct. 2052, 80 L. Ed. 674 (1984) ("[S]trategic
2  choices made after thorough investigation of law and facts relevant
3  to plausible options are virtually unchallengeable; and strategic
4  choices made after less than complete investigation are reasonable
5  precisely to the extent that reasonable professional judgments
6  support the limitations on investigation."); see also Bonin v.
7  Vasquez, 794 F. Supp. 957, 969 (C.D. Cal. 1992) (declining to find
8  failure to object to introduction of inadmissible hearsay records
9  ineffective assistance of counsel, concluding that "'[a] tactical
10 decision by counsel with which the defendant disagrees cannot form
11 the basis of an ineffective assistance of counsel claim'" (quoting
12 Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir. 1984)). Counsel's
13 decision at trial to not object to the introduction of Exhibits 1
14 through 9 on the basis that they were "manipulated" by the
15 government was not unreasonable in light of the nonsubstantive
16 nature of the changes applied. Consequently, it was similarly not
17 unreasonable to decline to raise this failure to object on appeal.
18      Petitioner's reliance on Marshank is not well taken. In
19 the case, the court found the "fruit of the poisonous tree"
20 doctrine applicable to evidence obtained in violation of a
21 defendant's "Sixth Amendment right to counsel as well as the Fifth
22 Amendment right to due process" because defense counsel actively
23 collaborated with the government to build a case against his client
24 with the expectation that he would financially benefit from his
25 client's conviction. 777 F. Supp. at 1519-20. Petitioner has made
26 no showing in her motion of government interference with her Sixth
27 Amendment right to counsel. To the extent petitioner argues her
28 counsel's failure to object amounted to a form of complicity with

the government, such an argument is unavailing – petitioner has made no showing that counsel's failure to object was anything other than a "strategic choice[]" entitled to deference. <u>Strickland</u>, 466 U.S. at 690-691.

Petitioner additionally cites to <u>Marshank</u>'s discussion regarding when "outrageous government misconduct" may warrant dismissal of an indictment. <u>Id.</u> at 1523. For government conduct to be "outrageous," however, it must be "fundamentally unfair and shocking to the universal sense of justice mandated by the Due Process Clause of the Fifth Amendment." <u>Id.</u> (internal quotations omitted). The application of nonsubstantive modifications not objected to by defense counsel to exhibits for the purpose of facilitating their review does not meet this standard.

## III.

### CONCLUSION

For the foregoing reasons, the Court denies petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on counsel for all parties in this action and petitioner at her last known place of incarceration.

DATED: March 21, 2008.

*ALICEMARIE H. STOTLER*
_____
ALICEMARIE H. STOTLER
CHIEF U.S. DISTRICT JUDGE